UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

CASE NO. 5:21-cr-75-JA-PRL

v.

ELIAS CHIROY-CAC

## UNITED STATES' RESPONSE IN OPPOSITION
## TO DEFENSE MOTION TO SUPPLEMENT RECORD

The United States of America opposes the *Motion to Supplement*

*Defendant's Motion to Dismiss and to Withdraw Request for Evidentiary Hearing*

("Motion to Supplement"), filed November 29, 2021.[1] Docs. 52, 53.

1.    The Motion to Supplement relates to a pending defense motion

to dismiss the indictment in this case based upon alleged constitutional

deficiencies with 18 U.S.C. § 1326, the statute charged in this case, and

another related pending motion for an evidentiary hearing, both filed on

September 22, 2021. Docs. 25, 27, 52, 53.

2.    The Motion to Supplement includes four proposed supplemental

filings: (i) a *Transcript of Evidentiary Hearing*, dated February 2, 2021, from a

hearing held in the United States District of Nevada; (ii) a *Declaration of*

---

[1] The Motion to Supplement includes a notice to the Court that, should the Motion to
Supplement be granted, the defense "would then request to withdraw [the defendant's]
request for an evidentiary hearing on that basis."

*Professor Benjamin Gonzalez O'Brien Regarding Racial Animus and USC 1326*; (iii) a curriculum vitae for Professor Kelly Lytle Hernandez; and (iv) a curriculum vitae for Benjamin Gonzalez O'Brien. Doc. 43 at 3-240. Although the Motion to Supplement characterizes the proposed supplemental filings as containing a declaration and testimony of "experts," the proposed information is more properly characterized as primarily factual testimony about the historical events surrounding the passage of several federal laws (including the statute at issue in the motion to dismiss).

3.     As explained in the *Government's Response to Defendant's Motion to Dismiss and Motion for Evidentiary Hearing*, no hearing is necessary for the Court to decide Chiroy-Cac's motion. The United States largely does not contest the historical record cited with regard to the 1929 statute or the 1952 Immigration and Naturalization Act. Rather, the United States contends that, even accepting such a record, Chiroy-Cac cannot establish that the motive of the 1929 Congress forever tainted the enactment of § 1326. Thus, there is no need for testimony to supplement that record. Doc. 32 at 31-32. Introducing further supplemental evidence of statements made by legislators in connection with the passage of these laws is irrelevant to the pending motion to dismiss because "courts are not permitted to probe the alleged motives of those who passed the challenged law" in immigration cases. *Id.* at 1.

2

4.    In conjunction with these motions, the defendant also filed a memorandum explaining the use of the U.S. Sentencing Commission's electronic Data Analyzer tool with respect to defense Exhibit O to the pending motion to dismiss. Doc. 53. The United States does not object to this memorandum.

5.    Wherefore, the United States hereby requests that the Motion to Supplement be denied.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:    */s/ William S. Hamilton*
William S. Hamilton
Assistant United States Attorney
Florida Bar No. 95045
35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
Telephone:   (352) 547-3600
Facsimile:    (352) 547-3623
E-mail: william.s.hamilton@usdoj.gov

3

**United States v. Chiroy-Cac**          **Case No. 5:21-cr-75-JA-PRL**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 4, 2022, a true and correct copy of the

foregoing document and the notice of electronic filing was sent by CM/ECF to

the following CM/ECF participants:

Samuel Landes, Esquire.

*s/ William S. Hamilton*_____
William S. Hamilton
Assistant United States Attorney
Florida Bar No. 95045
35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
Telephone:   (352) 547-3600
Facsimile:    (352) 547-3623
E-mail:william.s.hamilton@usdoj.gov
