UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 5:21-cr-75-JA-PRL

ELIAS CHIROY-CAC

**UNITED STATES' RESPONSE IN OPPOSITION
TO DEFENDANT'S OBJECTION TO
REPORT & RECOMMENDATION (DOC. 64)**

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, through the undersigned Assistant United States Attorney, responds in opposition to defendant Elias Chiroy-Cac's objection to the report and recommendation filed by the United States Magistrate Judge recommending the denial of his motion to dismiss.  Doc. 70.  The United States was ordered to respond to this objection no later than March 14, 2022.  Doc. 74.

In the objection, defense counsel concedes that the Magistrate Judge applied the correct legal standard and does not object to the finding that the challenged statute has a disparate impact.  Doc. 64 at 1.  Instead, defense counsel alleges that the Magistrate Judge erred by finding that the defendant failed to demonstrate that the statute had a discriminatory purpose.  *Id.*  He specifically claims that the Magistrate Judge reached this conclusion by 1)

improperly discounting the weight of the defendant's evidence regarding the initial 1929 statutory enactment, 2) by not considering other evidence such as the passage of the "Wetback Bill", and 3) by considering the defendant's evidence in isolation rather than in the aggregate. *Id.* at 2. The defendant contends that these three alleged errors led to the allegedly erroneous finding that no discriminatory purpose had been shown. *Id.* at 1-2.

District Courts review *de novo* the portions of a magistrate judge's report and recommendations that were objected to in writing with specificity by a party. *Macort v. Prem*, 208 Fed.Appx. 781, 784 (11th Cir. 2006). Portions of the report and recommendation that were not specifically objected to are reviewed only for clear error. *Id.*

The defendant objects to the Court's finding that the history of the 1929 enactment is of limited value in determining whether the 1952 enactment was impermissibly motivated. The defendant characterizes this finding as unreasonable, but as the Magistrate Judge points out, "virtually every court to decide this issue to date [. . .] agrees that the 1929 motive is of little weight, cannot be imputed to the current law, and is not dispositive of the intent of the subsequent 1952 legislation." Doc. 63 at 7-8. This is further corroborated by more than a full page of citations of decisions in the report and

2

recommendation.  *Id.*  The Magistrate Judge did not fail "to consider Congress's racial animus in the 1929 enactment" as the defendant alleges. Instead, the R&R considers it fully (acknowledging that the legislative history indisputably "contains racist and discriminatory language"), but also weighs it in accordance with the standards laid out in *Arlington Heights* and consistently with the overwhelming majority of relevant judicial decisions.  *Id.*

The defendant characterizes the R&R's consideration of the evidence directly pertaining to the 1952 statutory enactment (President Truman's veto statement, the letter of Attorney General Ford, and the statement by Representative Wood) as purposely "considering each item of evidence in isolation, rather than together."  Doc. 64 at 2.  However, the language of the R&R makes clear that the Magistrate Judge has applied the correct legal standard, including making a thorough and combined inquiry into all relevant factors including background, impact, events leading to passage, and legislative history.  Doc. 63 at 3-4.  The defendant apparently misunderstands the Magistrate Judge's description of this evidence as "isolated incidents" to mean the evidence itself was considered only in isolation.  Doc. 63 at 10.  As with the R&R's weighing of the evidence of the

3

1929 statutory enactment, the R&R's conclusions here are in line with the great majority of relevant judicial opinions. *Id.*

The defendant's own analysis appears to consider evidence in isolation, however. Even though the U.S. Supreme Court has held that historical evidence is of little use unless it is "reasonably contemporaneous with the challenged decision," the defendant's consideration of the legislative history of the illegal re-entry statute suddenly stops in 1952, even though the statute has been updated and modified numerous times since then, including five times between 1988 and 1997. Doc. 32 at 15; *McCleskey v. Kemp*, 481 U.S. 279, 298 n.20 (1987). Likewise, the defendant points to the statement by Representative Wood to impugn the collective motivation of Congress in enacting the 1952 statute but ignores evidence that other legislators were motivated to pass the law at least in part by a desire to effect "the removal of racial barriers to immigration and naturalization" and the exclusion of skilled immigrants "because of the color or pigment of their skin." Doc. 32 at 19-20.

All the arguments made by the defendant in his objection were thoroughly considered and addressed in the report and recommendation. Ultimately, the Magistrate Judge correctly concluded that the proper standard of review for 8 U.S.C. § 1326 is the rational basis test and that the law is

4

clearly rationally related to the United States' "legitimate interest in regulating its borders and deterring of those who have been removed." Doc. 63 at 11. The Magistrate Judge further concluded that "even if the *Arlington Heights* analysis applies—and the parties disagree as to its applicability—Defendant has failed to meet his burden to show that § 1326 should be invalidated under its framework." *Id.* at 4.

## CONCLUSION

For all the foregoing reasons, the Court should deny defendant's objection to the Magistrate Judge's report and recommendation, adopt the report and recommendation's findings, and deny the defendant's motion to dismiss in its entirety.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: *s/ William S. Hamilton*
William S. Hamilton
Assistant United States Attorney
Florida Bar No. 95045
35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
Telephone: (352) 547-3600
Facsimile: (352) 547-3623
E-mail: william.s.hamilton@usdoj.gov

U.S. v. ELIAS CHIROY-CAC            Case No. 5:21-cr-75-JA-PRL

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Samuel Landes, Esq.

*s/ William S. Hamilton*
William S. Hamilton
Assistant United States Attorney
Florida Bar No. 95045
35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
Telephone:   (352) 547-3600
Facsimile:    (352) 547-3623
E-mail: william.s.hamilton@usdoj.gov